**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MICHAEL WEASE,**

      **Plaintiff,**

**-vs-**             **Case No. 6:09-cv-426-Orl-31GJK**

**OMNI HEALTH CARE,
ERIC BOROFSKY,**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION: APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)**
>
> **FILED: March 5, 2009**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the complaint be dismissed with leave to amend.

> **MOTION:** **MOTION FOR APPOINTMENT OF COUNSEL**
> **(Doc. No. 7)**
>
> **FILED:** **March 23, 2009**
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

On March 5, 2009, Michael Wease ("Plaintiff") initiated this action by filing his complaint ("Complaint") against Omni Health Care and Eric Borofsky, M.D. ( the "Defendants"). Doc. No. 1. Plaintiff's Complaint consists of a statement of facts detailing an alleged unsuccessful surgery on Plaintiff's left knee performed by Dr. Borkofsky at Omni Health Care. Doc. No. 1. In the Complaint, Plaintiff states that after the surgery he experienced severe pain, swelling, and an infection in his left knee. Doc. No. 1. Plaintiff states that he can no longer run or exercise due to the pain and swelling in his left knee. Doc. No. 1. Plaintiff request a judgment against the Defendants in the amount of $200,000.00. Doc. No. 1.

Plaintiff is currently incarcerated and, on the same day he filed the Complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Affidavit. Doc. No. 2. On March 23, 2009, Plaintiff filed a Motion For Appointment of Counsel. Doc. No. 7. In the Motion for Appointment of Counsel, Plaintiff states that due to his incarceration he has a significantly limited ability to prosecute his claim. Doc. No. 7. Plaintiff attaches numerous letters from private attorneys declining to represent Plaintiff. Doc. No. 7-2. While the Complaint requests legal damages from the Defendants, the Complaint does not state a specific claim for relief, nor does it establish that this Court has jurisdiction. Doc. No. 1.

**I.     THE LAW**

   **A.     The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Federal Rule of Civil Procedure 8

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following:

1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

3) a demand for the relief sought, which may include relief in the alternative or difference types of relief.

Fed. R. Civ. P. 8 (2008). Rule 8 requires that a pleading be simple, concise and direct. *Id.*

### C. Appointing Counsel in Civil Cases

There is no absolute right to counsel in civil cases, and appointment of counsel is warranted only in "exceptional circumstances." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996). Exceptional circumstances may exist when the facts or legal issues are "so complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (*citations omitted*). The primary issue is whether the *pro se* litigant needs help in presenting the merits of his case, or whether the facts and issues are sufficiently simple that an attorney's assistance is not needed. *Steele*, 87 F.3d at 1271. The determination of whether exceptional circumstances exist is committed to the district court's discretion. *Id.*

## II. APPLICATION

A *pro se* plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules

of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's Complaint fails to comply with the rudimentary requirements set forth in Federal Rule of Civil Procedure 8. Plaintiff does not establish this Court's jurisdiction to entertain the Complaint, and Plaintiff does not state any grounds for relief or upon what authority the Court may grant the relief requested. "While a trial judge is to employ less stringent standards assessing *pro se* pleadings . . . than would be used to judge the final product of lawyers, this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia County School Bd.*, Case No. 07-12704 2008 WL 80708, *2 (11th Cir. January 9, 2008) *(citing Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976); *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). "In fact, we have recently observed that district courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" *Id. (quoting Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006). The Complaint could be construed as asserting a state law claim for negligence. *See* Doc. No. 1. However, as set forth above, Plaintiff has not alleged any basis upon which this Court may have subject matter jurisdiction. Therefore, the undersigned recommends that the Court:

(1) Dismiss the Complaint (Doc. No. 1) without prejudice;

(2) Provide Plaintiff with an opportunity to file an amended complaint within ten (10) days;

(3) Deny the Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 2) without prejudice; and

(4) Deny the Motion to Appoint Counsel (Doc. No. 7) without prejudice.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this

report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

        Recommended in Orlando, Florida on April 15, 2009.

                                                GREGORY J. KELLY
                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
**Unrepresented Party by Certified Mail**